UNITED STATES OF AMERICA

DISTRICT COURT FOR MASSACHUSETTS

FILED
IN CLERKS OFFICE
2005 FEB 15 A 9 59
U.S. DISTRICT COURT
DISTRICT OF MASS

ROSARIO GUZZI, Plaintiff )
)
v. )    CASE NO. 05-10300 RWZ
)
MICHAEL THOMPSON, Defendant )

## MEMORANDUM OF LAW IN SUPPORT

## OF APPOINTMENT OF COUNSEL

When a substantial question exists over an issue requiring expert testimony for its resolution and the defendant's position cannot be fully developed without professional assistance, the court has held that such an expert be duly appointed. **Wright v. Angelone**, 151 F.3d 151, 163 (4th Cir. 1998) (quoting **Williams v. Martin**, 617 F.2d 1021, 1026, 4th Cir. in 1980).

The defendant in the case at bar has moved for just such an appointment in his petition for a writ of habeas corpus. While **Wright** was decided ultimately at trial, the issue of "errors that undermine confidence in the fundamental fairness of the state adjudication certainly justify the issuance of the federal writ," **Williams v. Taylor**, 529 U.S. 362, 375 (2000); see, e.g., **Teague V. Lane**, 489 U.S. 288, 311-14 (1989) (quoting **Mackey v. United States**, 401 U.S. 667, 692-94 in 1971) (Harlan, J., concurring in judgements in part and dissenting in part), and quoting **Rose v. Lundy**, 455 U.S. 509, 544 (1982) (Stevens, J., dissenting, warrant an appointment of counsel for the

- 1 -

petitioner at this initial stage of the habeas proceeding.

The crux of petitioner's argument centers around a state court decision that was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." **Id.** at 399, 529 U.S. 362.

The "correctness of a state court's legal conclusions on habeas, or that a state court's incorrect legal determinations has even been allowed to stand because it was reasonable," is not presumed by a federal court. "We have always held that federal courts, even on habeas, have an independent obligation to say what the law is." **Wright v. West**, 505 U.S. 277, 305 (1992).

In the instant case it is notable that the state's Supreme Judicial Court spoke to "tension between two established lines of decision." On the one hand, it is well-settled that an indictment is sufficient if it enables a defendant to understand the charge and to prepare his defense. On the other hand, it is equally well-held that a defendant cannot be convicted of attempt "under a complaint lacking an allegation essential to the crime proved," i.e., an overt act. **Comm. v. Lourenco**, 438 Mass. 1018, 1019 (2003) (quoting **Comm. v. Gosselin**, 365 Mass. 116, 122 (1974). See also M.G.L.A. c. 277, sec. 79 (sufficient for of indictment or complaint for attempt: "That A.B. did attempt to commit ⌊a crime⌋ ... and in such attempt did (**set out the overt act relied on**); but did fail in the perpetration of said attempted offense" ⌊emphasis in original⌋; **Comm. v. Peaslee**, 177 Mass. 267, 274 (1901) (Holmes, C.J., citing

St. 1899, c. 409 ("necessity that the overt acts should be alleged has been taken for granted in our practice and decisions").

The petitioner claims that he is snared in such a conflict when essential elements do not appear in the indictments and where a state court permitted a jury to convict him on such evidence not contained in the indictments. U.S. Const. Amend. 5, 6; **Ex Parte Bain**, 121 U.S. 1 (1887); **U.S. v. Rosario-Diaz**, 202 F.3d 54, 70 (1st Cir. 2002) (relying upon **Stirune v. U.S.**, 361 U.S. 212, 218 (1970).

Returning to **Lourenco**, it must be noted that the "tension" has not abated and that the Supreme Judicial Court here has placed the conflicting opinions before the Massachusetts Rules of Criminal Procedure for study, which such conclusions are not yet published as far as the petitioner knows.

In **Benjamin v. Greiner**, 296 F.Supp.2d 321, 332 (E.D. N.Y. 2003), the court said that while habeas relief does not lie for mere errors of state law, **Estelle v. McGuire**, 502 U.S. 62, 68 (1991), "Errors of state law that rise to the level of a constitutional violation may be corrected by a habeas court, but even an error of constitutional dimensions will merit habeas corpus relief only if it had a 'substantial and injurious effect or influence in determining the jury's verdict.'" **Brecht v. Abrahamson**, 507 U.S. 619, 623 (1993) (quotation omitted).

The plaintiff-petitioner in this habeas request asserts that he is without funds to retain proper counsel where he is indigent according to M.G.L.A. c. 261, s. 27A-G. His petition to proceed in forma pauperis (ifp) accompanies this request for counsel, along with his financial statement of six (6) months duration, as provided by inmate accounts at MCI Shirley Medium.

Initiating the petitioner's habeas corpus claim is the payment of five dollars ($5.00) for filing and as provided by the kindness of a friend, Luis Rodriguez. This is done so as not to delay the docketing of said habeas relief.

For all of the reasons stated in this memorandum of law the petitioner-plaintiff prays that this Honorable Court GRANT his ifp status, as well as proper counsel, so that justice may be done.

Respectfully submitted,

*Rosario Guzzi*

Rosario Guzzi, pro se

MCI Shirley Medium

Box 1218

Shirley, MA 01464

January 31, 2005

- 4 -