UNITED STATES OF AMERICA

DISTRICT COURT OF MASSACHUSETTS

CIVIL ACTION NO. 05-10300-RWZ

FILED
CLERKS OFFICE

'05 MAR 11 P 12:37

U.S. DISTRICT COURT
DISTRICT OF MASS.

ROSARIO GUZZI

v.

MICHAEL THOMPSON

SUPPLEMENTAL PLEADING OF LEGAL ELEMENTS IN

SUPPORT OF PETITION FOR A WRIT OF HABEAS CORPUS

Pursuant to an ORDER by this court on February 23, 2005, the petitioner brings this supplemental pleading to set forth more clearly his allegations found to be "too sketchy" in his application under 28 U.S.C. § 2254.

In the Random House Unabridged Dictionary, Second Edition (1993), page 1791, the word "sketchy," an adjective, is defined as (1) like a sketch; giving only outlines or essentials and (2) imperfect, incomplete, slight, superficial: a sketchy meal.

At the outset of this pleading the petitioner asserts that any recharacterization of this action is pursuant to the Mass. R. Crim. P. 30(a), Unlawful Restraint. Initially, a motion per Mass. R. Crim. P. 25(b)(2), Required Finding of Not Guilty, alternatively a new trial, was filed in the lower court.

Included in petitioner's submission were (1) petition for appointment of counsel, with memorandum of law in support and (2) petition to proceed IFP, with requisite financial information.

- 1 -

Both of these requests are slated to be adjudicated upon the acceptance, ultimately, of his petition for the writ.

The primary issues not clear to the court are the sentences imposed on the petitioner by a state court and the nature of the constitutional error asserverated by him as the basis for the error.

Where the application for the writ has been designed to be brief, it is also concise. The petitioner shall explain his responses to each question thereon, in light of that belief.

## I. SENTENCE STRUCTURE

In question 3, the length of sentence relative to the two indictments resulting in a conviction, the petitioner answered "3-5 years from and after and 5 years probation thereafter."

In question 4, the nature of offense involved (all counts) directly relate to the indictments the petitioner has chosen to challenge at this time and not any other. Thus, his reply that "2 counts Intimidate Witness C. 268.013B and 4 counts Restraining Order Violation C. 209A:007 per indictment MICR-1996-01187; [and] 2 counts Restraining Order Violation C. 209A:007 per indictment MICR-1997-01058," signify that a term of not more than 5 years, but not less than 3 years, is to be served for the intimidation conviction, while a probationary term of 5 years shall be served for the restraining order violation, respectively. Put another way, MICR-1996-01187 is the incarcerated term and MICR-1997-01058 is the probation.

- 2 -

In each case, the description of the offense, as well as the statutes, follow the terms as stated upon the indictments. The term "from and after," extends to the intimidation conviction, where the trial judge exercised her discretionary power to impose a sentence of incarceration that would follow from the term imposed on an indictment not challenged here, which the petitioner has already served. The aggregate of the sentences imposed upon the plaintiff after his conviction and formulated by the Commonwealth's Department of Correction when he commenced his incarceration was not more than 13 years, but not less than 9 years (9-13). Thus, the petitioner is currently serving his "from and after" term, conveying standing in this matter. See **Exhibits A & B**, MICR-1996-01187 & 1997-01058.

## II. LEGAL ELEMENTS

The petitioner in the instant matter alleges that the State provided him with faulty indictments, which lacked essential elements required by statute, M.G.L.A. c. 209A:007 and c. 268:013B and where he was convicted on such evidence not duly contained therein. U.S. Const. Amend 5; **U.S. v. Rosario-Diaz**, 202 F.3d 54, 70 (1st Cir. 2002) (relying upon **U.S. v. Dunn**, 758 F.2d 30, 35 (1st Cir. 1985); see also **Stirone v. U.S.**, 361 U.S. 212, 216-218 (1960) (quoting **Ex parte Bain**, 121 U.S. 1, 10 (1887) and cases cited).

In **Benjamin v. Greiner**, 296 F.Supp.2d 321, 332 (E.D.N.Y. 2003), the court said that while federal habeas corpus does

not lie for mere errors of state law, Estelle v. McGuire, 502 U.S. 62, 68 (1991), errors of state law rising to the level of a constitutional violation may be corrected by a habeas court, while such errors of constitutional dimenison will merit habeas relief only if it has "substantial and injurious effect or influence in determining the jury's verdict." Brecht v. Abrahamson, 507 U.S. 619, 623 (1993) (quotation omitted).

In Massachusetts, an "element state," nothing alters the principal that essential elements not contained in a complaint or indictment, it is truly insufficient. Hamling v. U.S., 418 U.S. 87 (1974); see also U.S. v. Hess, 124 U.S. 483, 487 (1888).

An enlightened judgement, an important corollary purpose, is best served by setting out specific offenses to which a defendant is charged. Russell v. U.S., 369 U.S. 749, 768-769 (1962); see also Wright & Miller, Fed. Prac. & Procedure § 329 (1999).

A bill of particulars cannot save an invalid indictment. Russell, Id. at 770, 369 U.S. 749; see also U.S. v. Norris, 281 U.S. 619, 622 (1930) and cases cited.

As early as 1875, in U.S. v. Cruikshank, 92 U.S. 542, 558, the "acts and intent," which "must be set forth in the indictment, with reasonable particularity of time, place and circumstances," were made requisite. This strict-based approach with elements is employed in the Commonwealth's courts or should be.

The Supreme Court stated with certainty that the legislature "generally" defines criminal conduct, Patterson v. N.Y., 432

U.S. 197, 210 (1977), but that government is not relieved of its constitutional obligation to (1) charge each element in the indictment, (2) submit each element to the jury and (3) prove each element beyond a reasonable doubt. Harris v. U.S., 536 U.S. 545, 557 (2002); see also Jones v. U.S., 526 U.S. 227, 240-41 (1999); Mullaney v. Wilbur, 421 U.S. 684, 699 (1975).

Again, the petitioner asserts that he has been made to answer offenses not fully, plainly, substantially and formally described to him, abridging his constitutional rights. U.S. Const. Amend. 5.

Further, the petitioner preserved his federal constitutional arguments and exausted state remedies with regard to the relevant claims, his petition for a writ of habeas corpus filed on Feb. 15, 2005. As such, the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) governs this court's review. Lindh v. Murphy, 521 U.S. 320, 336 (1997).

The standard of review post-AEDPA is more deferential in federal collateral challenges, which the petitioner realizes. See Williams v. Taylor, 529 U.S. 362, 412-13 (2000) (O'Connor, J.).

State court factual findings are presumed to be correct, unless the habeas petitioner rebuts that presumption with clear and convincing evidence of error. 28 U.S.C. § 2254(e)(1); Norton v. Spencer, 351 F.3d 1 (1st Cir. 2003) (holding that this applies equally to state trial and appellate courts).

Petitioner's submission of habeas corpus will attest to the decision in his trial and subsequent state court proceedings that resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States, **Id.** § 2254(d)(1), or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding(s). **Id.** § 2254(d)(2).

A state court decision is "contrary to" Supreme Court precedent if "applies a rule that contradicts the governing law set forth in the high court's cases. **Williams**, 529 U.S. 362 at 405 (O'Connor, J.).

Further, a decision that "confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [the Supreme Court's] precedent." **Williams**, 529 U.S. 362 at 406 (O'Connor, J.), is contrary.

An unreasonable application must be "more than incorrect or erroneous," it must be "objectively unreasonable." **Wiggins v. Smith**, 539 U.S. 510 (2003) (interim edition) (quoting **Williams**, 529 U.S. 362 at 409). See also **Lockyer v. Andrade**, 538 U.S. 63, 75 (2003).

The petitioner rightly asserts that it was clearly and objectively unreasonable to compel him to answer offenses not fully, plainly, substantially, and formally described to him. U.S. Const. Amend. 5.

Thus, unreasonableness requires "some increment of incorrectness beyond error ... The increment need not necessarily be great, but it must be great enough to make the decision unreasonable in the independent and objective judgement of the federal court." McCambridge v. Hall, 303 F.3d 24, 36 (1st Cir. 2002) (quoting Francis S. v. Stone, 221 F.3d 100, 111 (2d CIr. 2000) (citation and internal quotation marks omitted).

Obviously, the "increment" here described by the petitioner in the preceeding is great enough to qualify as "unreasonable." Moreover, the petitioner has met his burden of demonstrating a violation of a clearly established constitutional right, the Fifth Amendment to the Constitution of the United States.

In a word (or two) about the exaustion of remedies where the petitioner did so, it must be remembered that he has, in effect, challenged the two indictments and convictions that affords him standing in this petition. The sentence and the subsequent conviction of the sole remaining indictment has been served and is expired.

In O'Sullivan v. Boerckel, 526 U.S. 838, 844 (1999), the court did qualify the exaustion of remedies requirement of habeas corpus relative to state courts. " ... we have never interpreted the exaustion requirement in such restrictive fashion," that would invoke **any possible** avenue of state court review (emphasis in the original). Wilwording v. Swenson, 404 U.S. 249, 250 (1971) ("The exaustion-of-state-remedies rule should not be stretched to the absurdity of requiring the

- 7 -

exaustion of ... separate remedies when at the outset a petitioner cannot intelligently select the proper way, and in conclusion he may find that none of the [alternatives] is appropriate or effective" (quoting Marino v. Ragen, 332 U.S. 568 (1947) (Rutledge, J.); Brown v. Allen, 344 U.S. 443, 447, (1953) (holding that a prisoner does not have "to ask the state for collateral relief, based on the same evidence and issues already decided by direct review").

Finally, a dissenting Justice Douglas, in Picard v. Connor, 404 U.S. 270, 281 (1971), stated that the rule of exaustion in the case carried too far. "When we go to that extreme, we make a trap out of the exaustion doctrine which promises to exaust the litigant and his resources, not the remedies." Hear, hear.

The petitioner has included his motion for an evidentiary hearing, with legal elements, in this pleading (albeit, a separate one). It is his his intent to employ additional measures where more facts are needed to ensure fulfillment of the committment to justice that the Commonwealth and the federal government both share. Given the substantial nature of the claim raised in this matter, what could be more just?

Therefore, the petitioner prays that this court shall now be sufficiently apprised of the claims in his habeas request, as well as those not made clear in his application thereto.

Respectfully submitted,

Rosario Guzzi, pro se

- 8 -

Commonwealth of Massachusetts
MIDDLESEX SUPERIOR COURT
Case Summary
Criminal Docket

**EXHIBIT A.**

# MICR1996-01187
## Commonwealth v Guzzi Jr, Rosario F

| | | | |
|---|---|---|---|
| File Date | 07/18/1996 | Status | Disposed: Entered in Appeals Court (dapenter) |
| Status Date | 12/05/2003 | Session | 7 - Crim 7 (6A Cambridge) |
| Jury Trial | Yes | Origin | I - Indictment |
| Lead Case | | | |

| | | | | | |
|---|---|---|---|---|---|
| Trial Deadline | 07/23/1997 | Deadline Status | Deadline active since return date | Status Date | 08/08/1996 |
| | | Custody Status | | Start Date | |
| Weapon | | Substance | | Prior Record | Unknown |
| Arraignment | 07/23/1996 | PTC Deadline | | Pro Se Defendant | No |

### OFFENSES

| Num | Offense | Code | Status | Status Date |
|---|---|---|---|---|
| 1 | 06/01/1996 | 268:013B | Guilty verdict | 09/11/1997 |
| | Intimidate/interfere/influence witness | | | |
| 2 | 06/28/1996 | 268:013B | Guilty verdict | 09/11/1997 |
| | Intimidate/interfere/influence witness | | | |
| 3 | 06/01/1996 | 209A:007 | Guilty verdict | 09/11/1997 |
| | Violate restraining order | | | |
| 4 | 06/03/1996 | 209A:007 | Guilty verdict | 09/11/1997 |
| | Violate restraining order | | | |
| 5 | 06/08/1996 | 209A:007 | Guilty verdict | 09/11/1997 |
| | Violate restraining order | | | |
| 6 | 06/28/1996 | 209A:007 | Guilty verdict | 09/11/1997 |
| | Violate restraining order | | | |

### PARTIES

**Defendant**
Rosario F Guzzi Jr
Gender: Male
Active 07/18/1996

**Private Counsel 459740**
John B Shorton
****DISBARRED*****
effective 10/21/2000
Boston, MA 02119
Phone: 617-969-0030
Fax:
Withdrawn 06/16/2000

**Private Counsel 544250**
Dana A Curhan
101 Arch Street
Suite 305
Boston, MA 02110-
Phone: 617-261-3800
Fax: 617-261-3805
Active 06/16/2000 Notify

case01 125922 y y y y y n y

Page 1 of 5

**Commonwealth of Massachusetts**
**MIDDLESEX SUPERIOR COURT**
Case Summary
Criminal Docket

**EXHIBIT A.**

# MICR1996-01187
## Commonwealth v Guzzi Jr, Rosario F

| Plaintiff | District Atty's Office 559563 |
|---|---|
| Commonwealth | Alison M Takacs |
| Gender: Unknown | Middlesex County District Atty's Office |
| Active 07/18/1996 | 40 Thorndike Street |
| | East Cambridge, MA 02141 |
| | Phone: 617-494-4050 |
| | Fax: 617-225-0871 |
| | Withdrawn 10/15/1996 |
| | |
| | **District Atty's Office 551344** |
| | Lee Hettinger |
| | Middlesex County District Atty's Office |
| | 40 Thorndike Street |
| | Cambridge, MA 02141 |
| | Phone: 617-591-7742 |
| | Fax: |
| | Active 10/15/1996 Notify |

### ENTRIES

| Date | Paper | Text |
|---|---|---|
| 07/18/1996 | 1.0 | Indictment returned |
| 07/23/1996 | | Appearance of Commonwealth's Atty: Takacs |
| 07/23/1996 | | Deft arraigned before Court |
| 07/23/1996 | | RE offense 1: Plea of not guilty |
| 07/23/1996 | | RE offense 2: Plea of not guilty |
| 07/23/1996 | | RE offense 3: Plea of not guilty |
| 07/23/1996 | | RE offense 4: Plea of not guilty |
| 07/23/1996 | | RE offense 5: Plea of not guilty |
| 07/23/1996 | | RE offense 6: Plea of not guilty |
| 07/23/1996 | | Bail set: $100,000 with surety or $10,000 cash (R Malcolm Graham, Regional Administrative Justice) |
| 07/23/1996 | | $5,000 to be transferred from Newton. Order of transfer signed |
| 07/23/1996 | | Bail warning read in open court |
| 07/23/1996 | | Mittimus issued not recognizing |
| 07/23/1996 | | Continued until 08/07/96 for PTC |
| 07/23/1996 | | Reporter present: Cathy Canty |
| 07/30/1996 | 2.0 | Partial bail received- $5,000 from Newton District Court check #1297- Red #7764. |
| 07/31/1996 | 3.0 | Bail satisfied: $5,000 Red #7765 |
| 08/07/1996 | | Continued until 08/08/96 for NEM |
| 08/07/1996 | | Reporter present: Carol LaValle |
| 08/07/1996 | 5.0 | Pre-trial conference report, Filed in Court |
| 08/07/1996 | 6.0 | Commonwealth Files Notice of Discovery |
| 08/08/1996 | | Continued until 08/15/96 for LC |
| 08/08/1996 | | Reporter present: Carol LaValle |
| 08/08/1996 | 4.0 | Mittimus returned not Recog-Indictment With Service |
| 08/15/1996 | | Continued until 10/15/96 for trial by agreement |
| 08/15/1996 | | Reporter present: Paula Connelly |

**EXHIBIT A.**

Commonwealth of Massachusetts
MIDDLESEX SUPERIOR COURT
Case Summary
Criminal Docket

## MICR1996-01187
### Commonwealth v Guzzi Jr, Rosario F

| Date | Paper | Text |
|---|---|---|
| 10/15/1996 | | Appearance of Commonwealth's Atty: Hettinger |
| 10/15/1996 | | Continued until 12/3/96 for trial by agreement |
| 10/15/1996 | | Reporter present: Beatrice Cunha |
| 12/03/1996 | | Sent to 6A |
| 09/09/1997 | | Jury impanelled |
| 09/09/1997 | | Reporter present: Mary Carleton |
| 09/10/1997 | | After charge and before deliberation, Jurors #9-Capstick & #14-Tran were withdrawn from panel, Ch.234A, S44 as amended by the Court. (Maria I Lopez, Justice) |
| 09/11/1997 | 7.0 | 001 thru 006:Verdict Slips. |
| 09/11/1997 | | RE offense 1: Guilty verdict |
| 09/11/1997 | | RE offense 2: Guilty verdict |
| 09/11/1997 | | RE offense 3: Guilty verdict |
| 09/11/1997 | | RE offense 4: Guilty verdict |
| 09/11/1997 | | RE offense 5: Guilty verdict |
| 09/11/1997 | | RE offense 6: Guilty verdict |
| 09/11/1997 | | Continued until 9/19/97 for disposition at 2:00 P.M. |
| 09/11/1997 | | Mittimus issued. Defendant remanded to custody of Sheriff. |
| 09/19/1997 | | Motion by Commonwealth: To Amend Indictments 96-1187-001-006 to read "Rosario F. Guzzi, Jr.". Filed in Court and allowed (see P#45 docket 96-456) |
| 09/19/1997 | | Commonwealth moves for sentence |
| 09/19/1997 | | Sentence imposed: 001, 002, MCI Cedar Junction for a term not exceeding five years, or less than three years. Offense 001, This sentence to take effect from and after the expiration of the sentence imposed this day in 96-456-001. Offense 002, This sentence to be served concurrently withthe sentence imposed this day in 96-1187-001. Offense 003, 004, 005, 006, Deft. placed on probation for a term of 5 years. This sentence to be served concurrently with the sentence imposed this day in 96-456-004. Conditions: No contact with victim or family. Sexual offender counseling - No contact w/chil under 16 yrs. w/o supervision - substance abuse evaluation & counseling. (Maria I Lopez, Justice) |
| 09/19/1997 | | Mittimus issued 001, 002, to MCI Cedar Junction |
| 09/19/1997 | | Sentence credit given as per 279:33A: 222 days |
| 09/19/1997 | | Notified of right of appeal under Rule 64 (Appellate Division) |
| 09/19/1997 | | Notified of right of appeal under Rule 65 Appeals Court |
| 09/19/1997 | | Reporter present: Mary Carlton |
| 09/19/1997 | | Attested copy of Indictment to MCI Cedar Junction Records |
| 09/25/1997 | 8.0 | Motion by Deft: To Revoke And Revise With Affidavit In Support Of |
| 10/01/1997 | 9.0 | Mittimus committing defendant into custody of Sheriff returned without service |
| 10/09/1997 | 10.0 | Mittimus to Cedar Junction returned with service (001-002) |
| 06/16/2000 | | Appearance of Deft's Atty: Dana A Curhan |
| 07/18/2003 | | Motion by Deft: Pro Se To Be Declared Indigent With Affidavit Of Indigency. (See 96-456 P#64) |

case01 125922 y y y y y n y

**EXHIBIT A.**

Commonwealth of Massachusetts
MIDDLESEX SUPERIOR COURT
Case Summary
Criminal Docket

## MICR1996-01187
### Commonwealth v Guzzi Jr, Rosario F

| Date | Paper | Text |
|---|---|---|
| 07/22/2003 | | Motion by Deft: For Access to Law Library (see P#65 case #96-456) |
| 08/06/2003 | | Motion (P#64 see 96-456) denied (Grabu, J.) |
| 08/06/2003 | | Motion (P#65 see 96-456) (Charles Grabau, Justice) |
| 08/11/2003 | 11.0 | Motion by Deft: for Grand Jury Minutes (copy to Judge Grabau) |
| 08/13/2003 | | Motion by Deft: for Reconsideration (see P#66 case #96-456) |
| 09/04/2003 | 12.0 | Motion by Deft: For Required Finding of Not Guilty with Memorandum in Support of a Rule 25(b)(2) Motion (copy to Judge Grabau) |
| 09/04/2003 | | Motion (P#11) denied without prejudice. (Charles M. Grabau, J.) notice sent |
| 09/04/2003 | | Motion (P#66 case #96-456) for reconsideration is denied. The Defendant has failed to provide this court with copies of his institutional accounts to support his claim of indigency. (Charles M. Grabau, J.) |
| 09/12/2003 | | NOTICE of APPEAL FILED by Rosario F Guzzi Jr Denial of Motion to be declared indigent (See P#67 96-456) |
| 09/12/2003 | | Notice of assembly of record; two certified copies of docket entries and two copies of Memorandum of Decision sent to the Clerk of the Appeals Court this day. |
| 09/12/2003 | | Notice of Assembly of Record sent to James Sahakian A.D.A. Chief of Apeals Division and Rosario F. Guzzi, Pro Se. |
| 09/12/2003 | 13.0 | NOTICE of APPEAL FILED by Rosario F Guzzi Jr. Denial Motion for grand jury minutes |
| 09/12/2003 | 14.0 | Notice of assembly of record; two certified copies of docket entries and two copies of Memorandum of Decision sent to the clerk of the Appeals Court this day. |
| 09/12/2003 | | Notice of Assembly of Record sent to James Sahakian A.D.A., Chief of Appeals Division, and Rosario F. Guzzi, Pro Se. |
| 09/23/2003 | 15.0 | Notice of Docket Entry: Please take note that on September 22, 2003, the following entry was made on the docket of the above-referenced case: ORDER"Accordingly, the trial courts orders denying the defendants motion to be declared indigent, as well as his request for grand jury minutes, insofar as it too requested a declaration of indigency are AFFIRMED (McHugh,J) |
| 09/29/2003 | | Motion by Deft: to Refer Case to C P C S's Post-Conviction Screening Panel with an Affidavit in Support and Affidavit of Indigency (see P#70 case #95-456) |
| 10/03/2003 | 16.0 | Order On Defendant's Motion For A Required Finding Of Not Guilty, Or In The Alternative, For A New Trial --ORDER-- For the foregoing reasons, it is hereby ORDERED that defendant's motion for a required finding of not guilty, or in the alternative, for a new trial is DENIED. (Reginal L. Quinlan, Justice) Both Sides Notified. |
| 10/06/2003 | | Motion See (P#70 case 96-456) Allowed |
| 10/21/2003 | 17.0 | Motion by Deft: Pro Se For Reconsideration. Copy to Quinlan, J.) |
| 11/14/2003 | | Motion (P#17) Denied (Quinlan,J) |
| 11/28/2003 | 18.0 | NOTICE of APPEAL FILED |
| 11/28/2003 | | Notice of assembly of record; two certified copies of docket sheets, |

case01 125922 y y y y y n y

**EXHIBIT A.**

Commonwealth of Massachusetts
MIDDLESEX SUPERIOR COURT
Case Summary
Criminal Docket

## MICR1996-01187
### Commonwealth v Guzzi Jr, Rosario F

| Date | Paper | Text |
|---|---|---|
| | | and denial of defendants motion for reconsideration sent to the Clerk of the appeals court this day |
| 11/28/2003 | | Notice of assembly of record; sent to James Sahakian, ADA And Rosario Guzzi, pro Se |
| 12/01/2003 | 19.0 | Motion by Deft: for telephonic evidence (copy sent to Quinlan,J) |
| 12/05/2003 | 20.0 | Notice of Entry of appeal received from the Appeals Court entered 12/2/03 |

Commonwealth of Massachusetts
MIDDLESEX SUPERIOR COURT
Case Summary
Criminal Docket

**EXHIBIT B.**

# MICR1997-01058
## Commonwealth v Guzzi Jr, Rosario F

| | | | | | |
|---|---|---|---|---|---|
| File Date | 05/29/1997 | Status | Disposed (appeal pending) (dappen) | | |
| Status Date | 09/12/2003 | Session | 7 - Crim 7 (6A Cambridge) | | |
| Jury Trial | Yes | Origin | I - Indictment | | |
| Lead Case | | | | | |

| | | | | | |
|---|---|---|---|---|---|
| Trial Deadline | 06/06/1998 | Deadline Status | Deadline active since return date | Status Date | 06/06/1997 |
| | | Custody Status | | Start Date | |
| Weapon | | Substance | | Prior Record | Unknown |
| Arraignment | 06/06/1997 | PTC Deadline | | Pro Se Defendant | No |

### OFFENSES

| Num | Offense | Code | Status | Status Date |
|---|---|---|---|---|
| 1 | 02/10/1997<br>Violate restraining order | 209A:007 | Guilty verdict | 09/10/1997 |
| 2 | 02/12/1997<br>Violate restraining order | 209A:007 | Guilty verdict | 09/10/1997 |

### PARTIES

**Defendant**
Rosario F Guzzi Jr
Gender: Male
Active 05/29/1997

**Private Counsel 459740**
John B Shorton
*****DISBARRED*****
effective 10/21/2000
Boston, MA 02119
Phone: 617-969-0030
Fax:
Withdrawn 06/16/2000

**Private Counsel 544250**
Dana A Curhan
101 Arch Street
Suite 305
Boston, MA 02110-
Phone: 617-261-3800
Fax: 617-261-3805
Active 06/16/2000 Notify

**Plaintiff**
Commonwealth
Gender: Unknown
Active 05/29/1997

**District Atty's Office 551344**
Lee Hettinger
Middlesex County District Atty's Office
40 Thorndike Street
Cambridge, MA 02141
Phone: 617-591-7742
Fax:
Active 06/06/1997 Notify

| Date | Paper | Text |
|---|---|---|
| 05/29/1997 | 1.0 | Indictment returned |
| 06/03/1997 | 2.0 | Writ of Habeas Corpus Issued To Middlesex County Jail (Cambridge) for |

case01 134205 y y y y y n y                                     Page 1 of 3

**EXHIBIT B.**

Commonwealth of Massachusetts
MIDDLESEX SUPERIOR COURT
Case Summary
Criminal Docket

## MICR1997-01058
### Commonwealth v Guzzi Jr, Rosario F

| Date | Paper | Text |
|---|---|---|
| | 2.0 | 6/5/97 |
| 06/06/1997 | | Appearance of Commonwealth's Atty: Hettinger |
| 06/06/1997 | | Appearance of Deft's Atty: Shorton |
| 06/06/1997 | | Deft arraigned before Court |
| 06/06/1997 | | RE offense 1: Plea of not guilty |
| 06/06/1997 | | RE offense 2: Plea of not guilty |
| 06/06/1997 | | Mittimus without bail issued to Middlesex County Jail (Cambridge) Without Prejudice |
| 06/06/1997 | | Continued until 6/12/97 For PTC |
| 06/06/1997 | 3.0 | Commonwealth Files Statement Of The Case |
| 06/10/1997 | 4.0 | Mittimus To Common Jail Returned With Service |
| 06/12/1997 | | Sent to 6A |
| 06/12/1997 | | Reporter present: Jacquelyn Healey |
| 09/09/1997 | | Jury impanelled |
| 09/09/1997 | | Reporter present: Mary Carleton |
| 09/10/1997 | | After charge and before deliberation, Jurors #9-Capstick & #14-Tran were withdrawn from panel, Ch.234A, S44 as amended, by the Court. (Maria I Lopez, Justice) |
| 09/10/1997 | 5.0 | 001 & 002:Verdict Slips. |
| 09/10/1997 | | RE offense 1: Guilty verdict |
| 09/10/1997 | | RE offense 2: Guilty verdict |
| 09/10/1997 | | Reporter present: Mary Carleton |
| 09/11/1997 | | Continued until 9/19/97 for disposition. |
| 09/11/1997 | | Mittimus issued. Defendant remanded to custody of Sheriff. |
| 09/11/1997 | | Reporter present: Mary Carleton |
| 09/19/1997 | | Motion by Commonwealth: To Amend Indictments 97-1058-001-002 Filed In Court and Allowed |
| 09/19/1997 | | Sentence imposed: Offense 001, 002, Deft. placed on Probation for a term of 5 years. Concurrent with 96-456-004 (Maria I Lopez, Justice) |
| 09/19/1997 | | Reporter present: Mary Carlton |
| 09/25/1997 | | Motion by Deft: To Revoke And Revise With Affidavit See docket 96-1187 P#8. |
| 10/01/1997 | 6.0 | Mittimus committing defendant into custody of Sheriff returned without service |
| 06/16/2000 | | Appearance of Deft's Atty: Dana A Curhan |
| 07/18/2003 | | Motion by Deft: Pro Se Motion To Be Declared Indigent With Affidavit Of Indigency (See 96-456 P#64) |
| 07/22/2003 | | Motion by Deft: For Access to Law Library (see P#65 case #96-456) |
| 08/08/2003 | | Motion (P#64 see 96-456) denied (Charles Grabau, Justice) |
| 08/08/2003 | | Motion (P#65 see case 96-456)) denied (Charles Grabau, Justice) |
| 08/11/2003 | | Motion by Deft: For Grand Jury Minutes (see P#11 case #96-1187) |
| 08/13/2003 | | Motion by Deft: for Reconsideration (see P#66 case #96-456) |
| 09/04/2003 | | Motion by Deft: For Requied Finding of Not Guilty with Memorandum in Support of a Rule 25(b)(2) Motion (see P#12 case #96-1187) |
| 09/04/2003 | | Motion (P#11 case #96-1187) denied without prejudice (Charles M. Grabau, J.) |

case01 134205 y y y y y n y

**EXHIBIT B.**

Commonwealth of Massachusetts
MIDDLESEX SUPERIOR COURT
Case Summary
Criminal Docket

## MICR1997-01058
## Commonwealth v Guzzi Jr, Rosario F

| Date | Paper | Text |
|---|---|---|
| 09/04/2003 | | Motion (P#66 case #96-456) for reconsideration is denied. The Defendant has failed to provide this court with copies of his institutional accounts to support his claim of indigency. (Charles M. Grabau, J.) |
| 09/12/2003 | | NOTICE of APPEAL FILED by Rosario F Guzzi Jr Denial of Motion to be declared indigent (See P#67-- 96-456) |
| 09/12/2003 | | Notice of Assembly of record sent to James Sahakian A.D.A. Chief of Appeals Division and Rosario F. Guzzi, Pro Se. |
| 09/12/2003 | | NOTICE of APPEAL FILED by Rosario F Guzzi Jr Denial of motion for grand jury minutes. (See P#13 case 96-1187) |
| 09/12/2003 | | Notice of assembly of record; two certified copies of docket entries and two copies of Memorandum of Decision sent to the Clerk of the Appeals Court this day. |
| 09/12/2003 | | Notice of Assembly of Record sent to James Sahakian A.D.A. Chief of Appeals Division and Rosario F. Guzzi, Pro Se. |
| 09/24/2003 | 7.0 | Notice of Docket Entry: Please take noe that on September 22, 2003 the following entry was made on the docket of the above-referenced case: ORDER Accordingly, the trial court's orders denying the defendants motion to be declared indigent, as well as his request for grand jury minutes, insofar as it too requested a declaration of indigency are AFFIRMED (McHugh,J) |
| 09/29/2003 | | Motion by Deft: To Refer Case to C P C S's Post-Conviction Screening Panel with Affidavit in Support and Affidavit of Indigency (see P#70 case #96-456) |
| 10/03/2003 | | Order On Defendant's Motion For A Required Finding Of Not Guilty, Or In The Alternative, For A New Trial. -- ORDER -- DENIED (See P#16 case 96-1187) (Quinlan, J.) |
| 10/06/2003 | | Motion See (P#70 case 96-456) ) Allowed (Quinlan, J.) |
| 10/21/2003 | | Motion by Deft: For Reconsideration. Pro Se. See P#17-- 96-1187) Copy to (Quinlan, J.) |
| 11/28/2003 | | See cae 96-1187 (Motion P#18) |
| 12/01/2003 | | See (P#19) case 96-1187 |

FILED
CLERKS OFFICE

## CERTIFICATE OF SERVICE

2005 MAR 11  P 12: 37

U.S. DISTRICT COURT
DISTRICT OF MASS.

I, Rosario Guzzi, certify that I have served a true copy of my Supplemental Pleading, with legal elements, and my motion for an evidentiary hearing, with legal elements, to respondent, Michael Thompson, Superintendent of MCI SHirley Medium, Box 1218, Shirley, MA 01464, via first class mail, postage paid, by depositing same in the institution's mail drop on this 10th day of March 2005.

*[signature]*

Rosario Guzzi, pro se

W-63283

MCI Shirley Medium

Box 1218

Shirley, MA 01464

Case No. 05-10300RWZ