UNITED STATES OF AMERICA

DISTRICT COURT OF MASSACHUSETTS

CIVIL ACTION NO. 05-10300-RWZ

GUZZI v. THOMPSON

PETITIONER'S MEMORANDUM OF LAW IN SUPPORT

OF HIS MOTION FOR AN EVIDENTIARY HEARING

In a case where the petitioner did not fail to present relevant facts in the state courts - he rebutted such findings with clear and convincing evidence of error, **Norton v. Spencer**, 351 F.3d 1 (1st Cir. 2003) (holding that this applies equally to state trial and appellate courts) - and where he was provided with faulty indictments lacking essential elements required by statute, M.G.L.A. c. 209A:007 and c. 268:013B, he was tried and convicted on such evidence not lawfully contained therein. U.S. Const. Amend. 5; **U.S. v. Rosario-Diaz**, 202 F.3d 54, 70 (1st Cir. 2002) (relying upon **U.S. v. Dunn**, 758 F.2d 30, 35 (1st CIr. 1985); see also **Stirone v. U.S.**, 361 U.S. 212, 216-218 (1960) (quoting **Ex parte Bain**, 121 U.S. 1, 10 (1887) and cases cited.

It cannot be gainsaid that the petitioner lacked diligence in the presentment of a violation of his constitutional rights under the Fifth Amendment before the state tribunals, and, as a result falls outside the restrictions of § 2254(e)(2)'s opening clause, excusing him from showing compliance with the

balance of the subsection's requirements. **Williams v. Taylor**, 529 U.S. 420, 437 (2000)[1].

In light of the preceeding, a determination relative to a granting of an evidentiary hearing in the instant case must be based on pre-Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). **Townsend v. Sain**, 372 U.S. 293 (1963.

It is clear that while **Townsend** was overruled by **Keeney v. Tamayo-Reyes**, 504 U.S. 1 (1992), is was to the extent that the former case called for a "deliberate bypass" standard for excusing procedural default in state courts, rather than a "cause and prejudice" standard. **Kenney** 504 U.S.at 5-6. That distinction is not relevant in the case at bar.

It is abundantly clear too, that the petitioner did not receive a full and fair evidentiary hearing in any state court as to the facts in dispute and this federal court in habeas corpus must in lieu of that fact. **Martineau v Perrin**, 601 F.2d 1201, 1207 (1st Cir. 1979) (citing **Townsend**, 372 U.S. at 312-13).

The merits of this factual dispute were not resolved in a state hearing nor is the state factual determination fairly supported by the record as a whole. Further, the fact-finding procedure employed by the state, if any, was not adequate to afford the petitioner a full and fair hearing nor were the material facts developed by a state fact-finder, if any. **Townsend, supra.**

---

[1] One of two such cases decided by the Supreme Court in 2000, involving different **Williams'** petitioners where 529 U.S. 362 addressed the proper interpretation of § 2254(d.

- 2 -

The petitioner's diligence to bring a Fifth Amendment violation to the state courts began at trial. During the jury's deliberations where they returned to the court to pose a question of law relative to restraining order violations, c. 209A:007. The forman inquired of the judge whether it was proper to find the defendant guilty on a count when the alleged victim initiated contact. The defendant was prompted by an emergency message received on his paging device, which message contained the alleged victim's telephone number and the universally-accpeted designation of "911." The defendant had admitted to responding to the message, although the alleged victim mitigated the "emergency" by explaining that she had been simply called to convey her regrets to the defendant's brother having passed on.

The trial judge responded that it was within the discretion of the trier of fact. Counsel for the defendant did not object despite the behest of his client. The petitioner, acting pro se, had his first opportunity to respond to this incident when submitting his motion for a required finding of not guilty, alternatively a new trial, which detailed said constitutional abridgement.

It must be noted that the Fed. R. Evid. 606(b) precludes the testimony of jurors in most instances upon an inquiry into the validity of a verdict. The petitioner submits that this rule should not act to bar the jury's comments in the case at bar, since the courts require evidence of prejudice

- 3 -

to establish a constitutional violation implicating due process where the evidentiary rules should not prohibit evidence to an inquiry highly relevant to the petitioner's argument.

According to *Perkins v. LeCureux*, 58 F.3d 214, 221 (6th Cir.1995) it was decried that "Evidentiary rules that insulate from discovery the violation of constitutional rights may themselves violate those rights" (quoting *Shillcut v. Gagnon*, 827 F.2d 1155, 1159 (7th Cir. 1987), (juror's post-verdict testimony of an alleged racial slur made by another juror during deliberations could not be used to impeach the jury verdict, pursuant to Fed. R. Evid. 606(b) (Grant, Senior District Judge).

In furtherence to the preceeding, Circuit Judge Jones, in a concurring opinion of *Perkins v. LeCureux*, 58 F. 3d 214, 42 Fed. R. Evid. Serv. (Callaghan) 964 (6th Cir. Mich. 1995), cert. denied, 133 L.Ed.2d 432 (U.S. 1995), said that "[t]he rule of juror incompetence cannot be applied in such an unfair manner as to deny due process."

Finally, the petitioner points to the respondent's reliance upon a position that alleges that he is incompetent, if not merely inconsistent, in his application of law to fact during the state post-conviction proceedings. See applicable decisions of the superior, Appeal and Supreme Judicial courts; Findings or summary dispositions.

The petitioner never had a full and fair evidentiary hearing to demonstrate his claims relative to faulty indictments. It is unlikely that he could obtain corroborating evidence without

discovery and compulsory process. The "fact-finding procedure employed by the state court was not adequate" in the case at bar, **Townsend, supra**, especially during the review process begining with his motion for a required finding of not guilty, alternative to a new trial request.

The petitioner therefore requests this court to allow his motion for an evidentiary hearing and set a timeline for such hearing, which would allocate at least six weeks for discovery. The respondent Commonwealth, preferably, could join with the petitioner in agreement of the schedule, by filing ajoint submission. Notwithstanding petitioner not being entitled to discovery in ordinary course, **Bracy v. Gramley**, 520 U.S. 899, 904 (1997), it looms as appropriate in this case, and the petitioner may rely on Rule 6 of the Rules Governing § 2254 cases in the U.S. District Courts. **Bracy, supra**.

Respectfully submitted,

*/s/ Rosario Guzzi/*

Rosario Guzzi, pro se

- 5 -