UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ROSARIO GUZZI )<br>  Petitioner, )<br>)<br>v. )<br>)<br>MICHAEL THOMPSON )<br>  Respondent. )<br>) | Civil Action No. 05-10300-RWZ |

## ANSWER

Pursuant to Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts, the respondents hereby answer the petition for writ of habeas corpus of the petitioner Rosario Guzzi.

1.   Admitted.

2.   Admitted.

3.   Admitted.  Further answering, the respondent states that on indictment number 96-1187-001, the petitioner was sentenced to a term not less then three years, nor more than five years, taking effect from and after the expiration of the sentence imposed in 96-456-001.  The judge imposed the same sentence on indictment number 96-1187-002 to be served concurrently with No. 96-1187-001.  On indictments number 96-1187-003/-006 and 97-1058-001-002, violation of a restraining order, the petitioner was sentenced to probation for a term of five years to be served concurrently with the sentence imposed in 96-456-004.

4.   Admitted.

5.   Admitted.

6.   Admitted.

7.  Admitted.

8.  Denied. Further answering, the respondent states that the petitioner was convicted after a jury trial on September 9, 1997 and September 10, 1997. He did not appeal. On September 4, 2003, the petitioner filed a motion for a required finding of not guilty or, in the alternative, for a new trial, pursuant to Massachusetts Rule of Criminal Procedure 25(b)(2).

9(a)-(d).   Denied.

9(e)-(f).   Left blank by the petitioner.

10.   Admitted.

11(a)(1)-(3)   Admitted.

11(a)(4).   Admitted.

11(5)-(6).   Left blank by the petitioner. On October 3, 2003, in a written order, Massachusetts Associate Justice Regina L. Quinlan denied the petitioner's motion for a required finding of not guilty or, in the alternative, for a new trial.

11(b).  Left blank by the petitioner.

11(c)(1).   Denied. Further answering, the respondent states that the petitioner did appeal the denial of the motion for a required finding of not guilty or, in the alternative, for a new trial. On November 12, 2004, in an unpublished memorandum and order pursuant to Rule 1:28, the Massachusetts Appeals Court affirmed the order denying the motion for a required finding of not guilty or, in the alternative, for a new trial and the motion for

reconsideration. The citation is *Commonwealth v. Guzzi*, 62 Mass. App. Ct. 1110, 817 N.E. 2d 817 (2004).

11(c)(2)   Denied.

11(d).    Denied. On February 2, 2005, the Massachusetts Supreme Judicial Court ("SJC") denied the petitioner's application for further appellate review ("ALOFAR").

12A.    (Ground one). The respondent denies each and every allegation of fact contained in paragraph 12A of the petition for writ of habeas corpus. Answering further, the respondent states paragraph 12A contains conclusions of law that require no response. Further answering, the respondent states that the petitioner has failed to state a claim upon which relief can be granted.

12B.    (Ground two). The respondent denies each and every allegation of fact contained in paragraph 12B of the petition for writ of habeas corpus. Answering further, the respondent states paragraph 12B contains conclusions of law that require no response. Further answering, the respondent states that the petitioner has failed to state a claim upon which relief can be granted.

12C.    (Ground three). The respondent denies each and every allegation of fact contained in paragraph 12C of the petition for writ of habeas corpus. Answering further, the respondent states paragraph 12C contains conclusions of law that require no response. Further answering, the respondent states that the petitioner has failed to state a claim upon which relief can be granted.

12D. (Ground four). The respondent denies each and every allegation of fact contained in paragraph 12D of the petition for writ of habeas corpus. Answering further, the respondent states paragraph 12D contains conclusions of law that require no response. Further answering, the respondent states that the petitioner has failed to state a claim upon which relief can be granted.

13. Left blank by the petitioner.

14. The respondent states that he lacks knowledge or information to form a belief as to the truth of the allegations contained in paragraph 14 and calls upon the petitioner to prove same.

15(a)-(d). Admitted.

15(e). Denied.

15(f)-(g). Admitted.

16. Admitted.

17. The respondent states that he lacks knowledge or information to form a belief as to the truth of the allegations contained in paragraph 17 and calls upon the petitioner to prove same.

Pursuant to Rule 5, Respondent's Supplemental Materials are filed herewith, containing the following documents:

1. Docket Sheet, *Commonwealth v. Rosario F. Guzzi, Jr.*, MICR 1996-01187.

2. Docket Sheet, *Commonwealth v. Rosario F. Guzzi, Jr.*, MICR1997-1058.

3. Defendant's Brief, *Commonwealth v. Guzzi*, Massachusetts Appeals Court No. 2003-P-1558.

4. Defendant's Appendix, *Commonwealth v. Guzzi*, Massachusetts Appeals Court No. 2003-P-1558.

5. Commonwealth's Brief and Supplemental Record Appendix, *Commonwealth v. Guzzi*, Massachusetts Appeals Court No. 2003-P-1558.

6. Defendant's Reply Brief, *Commonwealth v. Guzzi*, Massachusetts Appeals Court No. 2003-P-1558.

7. *Commonwealth v. Guzzi*, 62 Mass. App. Ct. 1110, 817 N.E. 2d 817 (2004).

8. Defendant's Application for Leave to Obtain Further Appellate Review, *Commonwealth v. Guzzi*, SJC Docket No. FAR-14523.

9. SJC Docket, *Commonwealth v. Guzzi*, SJC Docket No. FAR-14523.

10. Notice of Denial of ALOFAR, *Commonwealth v. Guzzi*, SJC Docket No. FAR-14523.

### First Defense

The petition for writ of habeas corpus should be dismissed where it is time-barred. *See* 28 U.S.C. § 2244(d)(1).

### Second Defense

The petition for writ of habeas corpus should be dismissed where the petitioner has not exhausted the claims in ¶¶ 12B, 12C, and 12D.

### Third Defense

The petition should be denied because it fails to state a claim upon which relief can be granted.

**Fourth Defense**

The petition should be denied because the decision of the state court was not contrary to, or involve an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States.  *See* 28 U.S.C. § 2254(d)(1).

**Fifth Defense**

The petition should be denied because the decision of the state court was not based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings, and the petitioner cannot rebut the presumption of the correctness of those facts by clear and convincing evidence.  *See* 28 U.S.C. §§ 2254(d)(2), (e)(1).

**Sixth Defense**

The petition should be denied because it raises questions of State law that do not allege a violation of the Constitution, laws, or treaties of the United States.  *See* 28 U.S.C. § 2254(a).

Respondent respectfully reserves the right to amend or supplement this Answer in the future should that need arise.

        Respectfully submitted,

        THOMAS  F.  REILLY
        Attorney General

        /s/ Eva M. Badway
        Eva M. Badway
        Assistant Attorney General
        Criminal Bureau
        One Ashburton Place
        Boston, Massachusetts 02108
        (617) 727-2200, ext. 2824

Dated: May 20, 2005        BBO # 635431

## **CERTIFICATE OF SERVICE**

      I hereby certify that on May 20, 2005, I caused a copy of the above <u>Answer</u> to be served by first-class mail, postage prepaid, upon Rosario Guzzi, Jr., *pro se*, MCI-Shirley, Box 1218, Shirley, Massachusetts 01464.

                                              <u>/s/ Eva M. Badway</u>
                                              Eva M. Badway