UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|   |   |
|---|---|
| ROSARIO GUZZI ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 05-10300-RWZ |
| ) | |
| MICHAEL THOMPSON ) | |
| Respondent. ) | |

**RESPONDENT'S MEMORANDUM OF LAW
IN SUPPORT OF HIS MOTION TO DISMISS THE PETITION
FOR WRIT OF HABEAS CORPUS AS TIME-BARRED AND UNEXHAUSTED**

The respondent, by and through his counsel, respectfully submits this memorandum of law in support of his motion to dismiss the petition for a writ of habeas corpus filed by the petitioner, Rosario Guzzi. The petition must be dismissed as time-barred under 28 U.S.C. § 2244(d), the statute of limitations for federal habeas corpus petitions. Because his convictions became final in September of 1997, the petitioner had to file his federal habeas petition within a one-year limitations period that expired in October of 1998. Moreover, the statute of limitations was not tolled at any point between October 1998 and September 2003. Consequently, because this habeas petition was not filed until February 15, 2005, – over six years too late – the petition must be dismissed as time-barred. Furthermore, even if it had been timely filed, as argued in this memorandum, the petition would be dismissed where it contains exhausted and unexhausted claims. *See Rose v. Lundy*, 455 U. S. 509, 518-519 (1982).

**Prior Proceedings**

On July 18, 1996, a Middlesex County grand jury returned indictments against the petitioner, Rosario F. Guzzi, Jr., charging him with two counts of intimidation of a witness and four counts of violation of a restraining order. *See* Respondent's Supplemental Answer,

[hereinafter cited as " S.R.A."], Ex. 4, R.A. 22-27.  On May 29, 1997, a Middlesex County grand jury returned indictments charging Guzzi with two additional counts of violation of a restraining order.  *Id.* at R.A. 28-29.  On September 9, 1997, Guzzi's trial on the joined cases began before Massachusetts Associate Justice Maria I. Lopez and a jury.  *See* S.R.A., Ex. 1 and 2.  On September 10, 1997, the jury convicted Guzzi on two counts of intimidation of a witness and four counts of violation of a restraining order (Indictment Nos. 97-1058-001-002).  *See* S.R.A., Ex. 2.  On September 11, 1997, the jury convicted Guzzi of two counts of intimidation of a witness (96-1187-001-002) and four counts of violation of a restraining order (Indictment Nos. 96-1187-003-006).  *See* S.R.A., Ex. 1.

On September 19, 1997, Judge Lopez sentenced Guzzi to a prison term of not less then three years, nor more than five years on indictment number 96-1187-001, intimidation of a witness, taking effect from and after the expiration of the sentence imposed in 96-456-001.  *See* S.R.A., Ex. 1.[1]   Judge Lopez imposed the same sentence on indictment number 96-1187-002 to be served concurrently with No. 96-1187-001.  *Id.*  On indictments number 96-1187-003/-006 and 97-1058-001-002, violation of a restraining order, Guzzi was sentenced to probation for a term of five years to be served concurrently with the sentence imposed in 96-456-004.  *Id*.  Guzzi did not appeal these convictions.  *See* S.R.A., Ex. 1 and 2.

On September 4, 2003, Guzzi filed a motion for a required finding of not guilty or, in the alternative, for a new trial, pursuant to Massachusetts Rule of Criminal Procedure 25(b)(2).  *See* S.R.A., Ex. 1 and 2.  On October 3, 2003, in a written order, Massachusetts Associate Justice Regina L. Quinlan denied the petitioner's motion.  *See* S.R.A., Ex. 4, R.A. 12-13.  Guzzi

---

[1] The petitioner's convictions on indictment number 96-456 are not part of this petition.

appealed, and on November 12, 2004, in an unpublished memorandum and order pursuant to Rule 1:28, the Massachusetts Appeals Court affirmed the order denying the motion for a required finding of not guilty or, in the alternative, for a new trial and the motion for reconsideration. *See* S.R.A., Ex. 7, *Commonwealth v. Guzzi*, 62 Mass. App. Ct. 1110, 817 N.E. 2d 817 (2004). Guzzi filed an application for further appellate review ("ALOFAR") in the Massachusetts Supreme Judicial Court ("SJC"), alleging that the Appeals Court followed in lock-step with the Superior Court and misapplied the law to the facts and also made erroneous findings. *See* S.R.A., Ex. 8, ALOFAR. On February 2, 2005, the SJC denied the petitioner's ALOFAR. *See* S.R.A., Ex. 10.

On February 15, 2005, Guzzi filed this petition for habeas corpus pursuant to 28 U.S.C. § 2254. The respondent now files this memorandum of law in support of his motion to dismiss the petition as time-barred and unexhausted.

## ARGUMENT

**I.    The Petition Must Be Dismissed as Time-Barred Under the Statute of Limitations for Federal Habeas Corpus Petitions.**

This petition for a writ of habeas corpus must be dismissed under the statute of limitations enacted by Congress as part of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244(d), which became effective April 24, 1996. That provision, which is applicable to federal habeas corpus petitions filed by state prisoners, provides as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) *the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review*;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

>     (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>     (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>     (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d) (emphasis added). Guzzi's conviction became final in September, 1997 when he was convicted by a jury in Middlesex Superior Court. *See* R.S.A., Ex. 1 and 2. Since Guzzi did not file a direct appeal, his conviction became final at that point. *Id.* Pursuant to 28 U.S.C. §2244(d)(1), the petitioner had until October, 1998 to timely file a petition. This petition was filed on February 15, 2005. *See* Docket at 2. The petition therefore is time-barred under the statute of limitations for habeas petitions and must be dismissed. 28 U.S.C. § 2244(d).

Nor is Guzzi entitled to rely on the tolling provision set forth in § 2244(d)(2). That section tolls the statute of limitations "during [the time] which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending. . .." *Id.* Since Guzzi's motion for a required finding of not guilty, or in the alternative a motion for a new trial was filed on September 4, 2003, almost five years *after* the limitations period had lapsed, the motion for a required finding of not guilty, or in the alternative for new trial failed to toll the statute of limitations. *See, e.g., Delaney v. Matesanz*, 264 F.3d 7, 11 (1st Cir. 2001) (AEDPA's limitations period not tolled by new trial motion because, by the time it was filed, the one-year period had already expired); *Dunker v. Bissonnette*, 154 F. Supp.2d 95, 103 (D. Mass. 2001) (state-court motion filed after AEDPA's limitation period expired does not "revive"

statute of limitations). This petition is clearly time-barred and must be dismissed.

**II.    EVEN ASSUMING THIS HABEAS CORPUS PETITION WAS TIMELY FILED, IT WOULD BE SUBJECT TO DISMISSAL WHERE THE PETITIONER FAILED TO EXHAUST AVAILABLE STATE COURT REMEDIES.**

It is well established that "a federal court should not consider questions posed in a habeas petition until the 'power of the highest state court in respect to such questions' has been exhausted." *Mele v. Fitchburg District Court*, 850 F.2d 817, 819 (1st Cir. 1988), *quoting United States ex rel. Kennedy v. Tyler*, 269 U.S. 13, 17 (1925). *See Rose v. Lundy*, 455 U.S. 509, 518-19 (1982); *Adelson v. DiPaola*, 131 F.3d 259, 261-62 (1st Cir. 1997); *Dougan v. Ponte*, 727 F.2d 199, 202 (1st Cir. 1984); 28 U.S.C. §2254(b)(1)(A). Congress codified the exhaustion doctrine in 28 U.S.C. §2254(b), which precludes federal court review unless "the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. §2254(b)(1)(A). This longstanding exhaustion principle, in addition to ensuring that state courts have the first opportunity to correct their own constitutional errors made in their proceedings, enables federal courts to accord appropriate respect to the sovereignty of the states and promotes comity by "minimiz[ing] friction between our federal and state systems of justice." *Rose v. Lundy*, 455 U.S. at 518. *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995); *Scarpa v. DuBois*, 38 F.3d 1, 6 (1st Cir. 1994), *cert. denied*, 513 U.S. 1129 (1995); *Duckworth v. Serrano*, 454 U.S. 1, 3 (1984).

To satisfy the exhaustion requirement, the petitioner bears the heavy burden of showing that he "fairly presented the substance of his federal habeas claims to the state court before seeking federal review." *Adelson v. DiPaola*,131 F.3d at 262 (citations omitted); *Martens v. Shannon*, 836 F.2d 715, 717 (1st Cir. 1988), *citing Anderson v. Harless*, 459 U.S. 4, 6 (1982) (*per curiam*). "It is not enough merely to raise an issue before an intermediate court; one who seeks to invoke the federal habeas power must fairly present – or do his best to present – the issue to the

5

state's highest tribunal." *Mele v. Fitchburg Dist. Ct.*, 850 F.2d at 820 (citations omitted). The Supreme Court enunciated that "state prisoners must give the state courts one full opportunity to resolve any constitutional issue by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). "Comity, in these circumstances, dictates that [the petitioner] use the State's established appellate review procedures before he presents his claims to [this] federal court." *O'Sullivan v. Boerckel*, 526 U.S. at 845.

In this habeas case Guzzi claims the following: (1) misapplication of law as to essential elements and unreasonable application contrary to federal law; (2) state court's finding of harmless error in error where it is structural error in nature, implying a due process violation; (3) substantial risk of a miscarriage of justice; and (4) actual innocence of both indictments. *See* Petition at ¶12. The petition would be dismissable even if it were timely filed because Guzzi has failed to exhaust his available state remedies with respect to grounds two, three and four of his petition for habeas corpus. *See* S.R.A., Ex. 8. In his ALOFAR to the SJC, Guzzi presented the claim that, in following lock-step with the lower court in misapplication of the law to the facts, the Appeals Court made erroneous findings. *See* S.R.A., Ex. 8, p. 5. Since Guzzi failed to fairly present to the SJC three of the four claims he now raises in his federal habeas petition, it should be dismissed as mixed, *i.e.*, as containing both exhausted and unexhausted claims, pursuant to *Rose v. Lundy*, 455 U.S. 509, 518-519 (1982).

"[F]ederal habeas oversight is not a freewheeling construct. It is dependent, among other things, upon all of the claims asserted in the petition having been exhausted in the state courts." *Martens v. Shannon*, 836 F.2d at 717. "It would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to state courts

to correct a constitutional violation." *Picard v. Connor*, 404 U. S. at 275, *quoting Darr v. Burford*, 339 U. S. 200, 204 (1950). Since Guzzi failed to properly raise his habeas claims in grounds two, three and four of this petition to the SJC, he did not afford that court the opportunity to confront -- let alone correct -- his claimed errors. Guzzi "simply jumped the gun in bringing to a federal habeas forum contentions not first screened by the state courts." *Martens v. Shannon*, 836 F.2d at 718 (footnote omitted). As such, the petition should be dismissed as unexhausted. *See Rose v. Lundy*, 455 U. S. at 518-519; *Picard v. Connor*, 404 U. S. at 276.

Where the petitioner has presented this Court with a mixed petition, containing both exhausted and unexhausted claims, it must be dismissed in its entirety, unless the petitioner elects to voluntarily delete the unexhausted claims (Grounds two, three and four) from his petition and proceed solely with the claim that has been properly exhausted. *See Rose v. Lundy*, 455 U.S. at 520-522; 28 U.S.C. § 2254(b)(2). If this Court determines that these claims are not exhausted, under 28 U.S.C. § 2254(b)(2), it may only reach the merits of them to deny the writ. *See Adelson v. DiPaola*, 131 F.3d at 264; *Hoxsie v. Kerby*, 108 F.3d 1239, 1242-1243 (10th Cir. 1997). Furthermore, while a stay and abeyance is available in limited circumstances, a petitioner must demonstrate good cause to excuse his failure to exhaust his claims and the claims presented must not be without merit. *See Rhines v. Weber*, 125 S. Ct. 1528, 1534 (March 30, 2005). In the instant case, Guzzi has not demonstrated any cause for his failure to exhaust his claims in state court, and his claims are without merit, thus a stay should not granted. *Id.*

**Conclusion**

For the reasons set forth above, the petition for a writ of habeas corpus should be dismissed with prejudice as time-barred, and/or dismissed as unexhausted.

Respectfully submitted,

THOMAS F. REILLY
ATTORNEY GENERAL

/s/Eva M. Badway
Eva M. Badway
Assistant Attorney General
Criminal Bureau
One Ashburton Place
Boston, Massachusetts 02108
(617) 727-2200, ext. 2824

Dated: May 20, 2005                BBO # 635431

**CERTIFICATE OF SERVICE**

I hereby certify that on May 20, 2005, I caused a copy of the above Memorandum of Law in Support of the Respondent's Motion to Dismiss to be served by first-class mail, postage prepaid, upon Rosario Guzzi, Jr., *pro se*, MCI-Shirley, Box 1218, Shirley, Massachusetts 01464.

/s/ Eva M. Badway
Eva M. Badway