UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

CASE NO. 1:05-cv-10300

ROSARIO GUZZI

v.

MICHAEL THOMPSON

MOTION FOR RECONSIDERATION

Now comes the petitioner in the above captioned matter and respectfully moves this Honorable Court to RECONSIDER its denial of his motion for appointed counsel in a habeas corpus proceeding.

As reasons therefore, the petitioner, in lieu of his reiterating legal elements contained in his memorandum of law accompanying his initial request for counsel, shall remind the court of their determinations in two instances where both his submissions were barely sufficient to survive dismissal.

In an ORDER by this court (Zobel, D.J.) dated 02-23-05, the petitioner's application for the writ is described as "sketchy," which also mandated a supplemental pleading as a result.

In an ORDER by this court (Zobel, D.J.) dated 03-29-05, the petitioner's supplemental pleading is described as "sparse," as well as denoting that his pleading has stated such claims that are not discernible notwithstanding that it is, anyway, sufficient for a responsive pleading from the respondent.

- 1 -

The petitioner is a pro se litigant, currently incarcerated and whose availability to legal materials and access to the institution's law library is limited to say the least. In fact, this petitioner provided this court and Justice Zobel with a sworn affidavit, with relevant exhibits, on 04-16-04, done at the behest of John Richards, a fellow inmate and one who challenged this very issue. **EXHIBIT A.**

Further, another inmate, Jason Morris, did much the same on 04-02-04, in his motion to compel said access and materials, under case number 03-11127-RWZ. **EXHIBIT B.**

Lastly, John Richards' complaint in that issue did prompt Justice Zobel to personally contact officials of Shirley Medium to provide both access and legal materials in compliance with established policy and case law. **EXHIBIT C.**

Despite the petitioner's limitations still, he has attempted to litigate in good faith, striving hard to be concise and to following the rules of civil procedure as prescribed. Alas, this court has determined that they are imperfect, incomplete, slight, superficial, scanty and meager, not perceived by sight, intellect or other sense. In a word or three, sketchy, sparse and un-discernible.

Does the court's preliminary grading of a pro se prisoner's pleadings not warrant a liberal interpretation any longer, as had been policy in every Circuit in the past? Does this serve as an omen to all such litigants? How does such practice or policy hold up under constitutional scrutiny?

Considering the court's judgements of the petitioner's inept pleadings, what better evidence can be adduced to allowing for an appointment of counsel for him? Clearly, this would be in the interests of justice alone. If the court pleases, then an independent opinion by a screening body such as the Committee for Public Counsel Services (CPCS) in the Commonwealth, should be appointed to confirm or deny said appointment.

He would be remiss if the petitioner did not also remind the court that he is snared in a conflict in which the Supreme Judicial Court of Massachusetts admitted to as "tension between two established lines of decision," as defind in **Comm. v. Lourenco**, 438 Mass. 1018, 1019 (2003) (other citations omitted). This is not of the petitioner's making needless to say, but he is caught in its trap.

On the one hand, it is well-settled that an indictment is sufficient if it enables a defendant to understand the charges and to prepare a defense. On the other, it is equally held that he cannot be convicted of attempt "under a complaint lacking an allegation essential to the crime proved," i.e., an overt act.

The petitioner was tried and convicted of indictments that lacked essential elements made requisite by statutes, M.G.L.A. c. 209A:007 and c. 268:013B, which rendered the indictments faulty.

The conflict in the Commonwealth has not abated. A panel from the Massachusetts Rules of Criminal Procedure has yet

to resolve this "tension," at least to the petitioner's knowledge and belief. Ultimately, it is to the Federal Court to properly decide the merits of this dilemma, as applicable to federal law.

Resulting from the foregoing and the determination of the Court's denial of an evidentiary hearing requested by the petitioner, said hearing is not necessary.

Petitioner is without sufficient explanation relative to his pleadings, the "administrative" matters alluded to in the Court's Order of June 3, 2005, as well as his repeated requests to obtain such reasons. Here too, the matter is now moot and his relaince upon Rule 3 for an explanation other than the cursory "sketchy, spare and un-discrenible" is apparently misguided as well.

WHEREFORE, The petitioner prays that this Court reconsider its denial and GRANT him appointed counsel in the habeas proceedings, so that a just and fair verdict will result.

Respecfully submitted,

*Rosario Guzzi*

Rosario Guzzi, pro se
MCI Shirley Medium
Box 1218
Shirley, MA 01464

June 6, 2005

- 4 -

# Exhibit A

LIBRARY SCHEDULE
---

|         | MON  | TUE  | WED  | THU  | FRI  | SAT  | SUN  |
|---------|------|------|------|------|------|------|------|
| 09-1045 | LL   | LL   | LL-L | LL-L | LL-L | -    | -    |
| 13-1530 |      |      |      |      |      | LL*  | LL*  |
| 13-1645 | LL-L̲ | LL-L̲ | LL-L̲ | LL-L̲ | LL-L̲ |      |      |
| 19-2045 | LL-L | LL-L | LL-L | LL-L | LL-L | LL+  | LL+  |

Legend:

LL - law library

L - general library

\* - until 1430 notwithstanding scheduled 1530 closing

+ - frequently closed

L̲ - often closed at 1430

Aggravating the limitation of accessible hours by an inmate population of over eleven hundred (1,100), is the frequent closing of the general library. Only here does one have access to equipment (i.e., typewriters, recorders, etc.) and supplies (i.e., typing paper, envelopes, pens, pencils, etc.), not to mention services (notary, photocopying, etc.) that are essential to the pro se litigant;

    e) Exacerbating the inherent problem is the often arbitrary closing of the law library or its abbreviated hours notwithstanding the stale law text and the unwritten prohibition of books normally found in an adequate law library (i.e., deliquent updating, certain Massachusetts

3.   Preceeding paragraphs are made to the best of my knowledge and ability. I will attest to their veracity; I am competent to testify to these matters.

SWORN to by me under the pains and penalties of perjury, this 16th day of April 2004, at Shirley, MA 01464.

_____

Rosario F. Guzzi, pro se

MCI Shirley Medium

Box 1218

Shirley, MA 01464

EXHIBIT A.

LAW LIBRARY CASE LAW REQUEST

It is respectfully requested that the following case law be provided to the undersigned, the original text having been torn out of the book:

**Dominique v. Weld**, 73 F.3d 1156 (1st cir. 1996)

This specific case is essential to inmate's pending litigation in a civil matter.

Second request.

Respectfully submitted,

Rosario F. Guzzi

W-63283

F2 - 51

Initial request: June 6, 2003

09-29-03   Second request

10-13-03   Third request

11-17-03   Fourth Request

12-04-04   FIFTH REQUEST

# Exhibit B

In support of such Motion the Plaintiff swears to the following facts to be true;

1.) THE MOVEMENT SCHEDULE IN SHIRLEY MEDIUM IS TWO COMPLETELY DIFFERENT SCHEDULES THIS PRISON IS ACTUALLY TWO DIFFERENT PLACES, YOU HAVE THE A,B,C, SIDE AND YOU HAVE THE D,E,F, SIDE.

2.) THE MOVEMENT SCHEDULE IS, 9:00 am to 11:00 am, AND 1:00 pm to 5:00 pm AND, 6:00 pm to 9:00 pm, EVERYDAY.

3.) THE ADMINISTRATION HAS SPLIT THE MOVEMENT RIGHT IN HALF SO ON ONE DAY ITS A,B,C, SIDE HAS MOVEMENT FROM 9:00 am to 11:00 am, AND THEY SKIP THE AFTERNOON GO BACK OUT TO MOVEMENT AT 6:00 pm to 9:00 pm.

4.) ON THE SAME DAY D,E,F, SIDE GOES TO MOVEMENT, 1:00 pm to 5:00 pm.

5.) THE NEXT DAY D,E,F, SIDE SWITCHES MOVEMENT NOW THEY GO TO MOVEMENT AT 9:00 am to 11:00 am WHICH MAKES THE A,B,C, HAVE THEIR MOVEMENT IN THE AFTERNOON, 1:00 pm to 5:00 pm THEN THE NIGHT MOVEMENT IS D,E,F,s.

6.) NOW THE LAW LIBRARY IS SUPPOSE TO BE OPEN EVERY MOVEMENT BY THE SCHEDULE POSTED IN EACH BLOCK.

7.) THE GENERAL LIBRARY IS ONLY OPEN ON TWO MOVEMENTS A DAY. IT VARIES EACH DAY ONE DAY IT COULD BE IN THE MORNING AND IN THE AFTERNOON, THEN THE NEXT DAY IT COULD BE THE AFTERNOON AND AT NIGHT.

8.) THE GENERAL LIBRARY CONTROL'S ACCESS TO THE COPY MACHINE AS WELL THE TYPEWRITERS, WHEN THE GENERAL LIBRARIAN IS NOT AT WORK THE GENERAL POPULATION ONLY HAS ACCESS TO SOME OF THE LAW BOOKS. [THIS PRISON ONLY HAS ONE GENERAL LIBRARIAN]

9.) THE SCHOOL BUILDING IS ATTACHED TO THE GENERAL & LAW LIBRARY SOMETIMES WHEN THE SCHOOL CLOSES DOWN AT 3:30 pm THE LAW & GENERAL LIBRARY CLOSES AS WELL.

10.) THE WEEKENDS ARE THE WORST BECAUSE THE GENERAL LIBRARY IS COMPLETELY CLOSED AND THE LAW LIBRARY IS ONLY OPEN FROM 1:00 pm to 2:30 pm IF THIS PLACE IS LUCKY.

11.) THE NIGHTS DURING THE WEEKEND VARY SOMETIMES THIS PLACE GETS TIME, 6:00 pm to 9:00 pm THE PROGRAM BUILDING IS OPEN MOST OF THE TIME BUT THE SCHOOL BUILDING, WHICH IS ACTUALLY THE LAW LIBRARY, IS CLOSED MOST OF THE WEEKEND.

21.) NO BASIS FOR THIS LEVEL, WHEN THE PLAINTIFF ASKS ABOUT THE LEVEL HE GETS NO RESPONSE REGARDING THIS STATUS AS THE LEVEL GOES UP EACH YEAR.

22.) THE PLAINTIFF HAS NOT RECEIVED ANY INCIDENT REPORT SINCE HIS ARRIVAL AT THIS PRISON NOR HAS THE PLAINTIFF HAD ANY PROBLEMS WITH STAFF AND CORRECTIONAL OFFICER'S.

23.) IT WOULD BE LIKELY AFTER THIS PLAINTIFF FILES THE MOTION TO COMPEL, THE DEPARTMENT OF CORRECTION WILL RETALIATE FOR MAKING SUCH A CLAIM.

The Plaintiff has made a meritorious claim regarding his Law Library Access in short, The Plaintiff asks for relief in the way of a **Court Order**, To the Acting Commissioner Of State Corrections forcing Kathleen M Dennehy, To afford Mr. Morris extra Law Library access while this Case continues on...[1]

Or in alternative, Reconsider the Motion to Reconsider to Appoint Counsel, 9/11/2003. The Plaintiff herein stresses that this Motion is his last option and prays that an ORDER IS GRANTED HERETO..

Respectfully Submitted,

Dated: April 2, 2004,

CC: One Of Four Copies [Filed]

Mr. Jason A. Morris Pro-Se
M.C.I. Shirley Medium W#60247
Shirley, Ma 01464-1218

### CERTIFICATE OF SERVICE

I hereby Certify that on April 2, 2004, The Plaintiff sent by First Class Mail a Complete Copy of the Foregoing Motion To Compel to; Ms. Natalie S. Monroe A.D.A. One Ashburton Place, Boston, Massachusetts, 02108. On the Date Typewritten Below;

Dated: April 2, 2004,

Mr. Jason A Morris W60247 Pro-Se

---

[1] Exhibit One, THE DENIAL FROM GREG McCANN, DENYING THIS PLAINTIFF LAW LIBRARY ACCESS UNTIL FURTHER NOTICE, DATED: March 30, 2004.

# Exhibit C

felt was a blatent attempt by the Department of Corrections and the staff here at Shirley to keep me from pursuing my matters with the Courts, and impinging on my rights to redress my issues within the courts.

5. I kept getting nowhere with this matter and my access to adequate law library time and assistance from persons legally trained in the law. I wrote to Margarett Marshall, Chief Justice for the SJC and asked her for some assistance in this matter and other matters involving staff here at Shirley. She did intervene on my behalf and helped the best she could.

6. I have file at least seven (7) grievances with the institutional grievance coordinator here at shirley concerning the law library, access to materials, legal supplies, research materials etc. I have never gotten anywhere with any of them. I also have brought this matter up in another Civil Action in the United States District Court in front of Justice Rya W. Zobel. **(Civil No.04-cv-10291).** In this case I also asked for the court to get involved and intervene on my behalf as the Department of Corrections was still hampering my access to materials and adequate law library time.

7. The law library here at Mci-Shirley medium is supposed to be open seven (7) days a week. Morning from 9:00am to 11:00am, in the afternoon from 1:00pm to 4:45pm on Mondays-Fridays.

9 The Department of Corrections would have the court believe that inmates can just ask for anything that is missing from a book and it will be provided to us by the staff here at Shirley. The downfall to this is that the librarian comes and goes when he pleases, is not accessable when the building is closed and/or closing early. There are some weeks when he barely comes in at all and some weeks when he doesn't come in at all. There is no way for a pro-se Plaintiff in a Civil Matter to properly prepare and file the necessary papers and pleadings needed to go forward with his action without being hampered by the way the Law Libray is run here. Pro-se inmates are at a disadvantage here and the staff here know it. I believe some courts know it to.

10. Photo-copies are another snag here that all pro-se litigants have to deal with. If there is no librarian than there are **"no"** photo-copies at all. When there are photo-copies they are done by an inmate. They are left in an open cardboard box where anyone can disturb them, read them, destroy them, or re-arange them. Many times inmates copies are lost, misplaced, taken by the wrong person etc. It is now the pro-se Plaintiff's responsability to chase down his own copies and hope that they have not already left the building where he may never see them again, leaving him to start his work all over and possibly miss a court date and/or important deadline.

UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

John F. Richards )
    Plaintiff, )
  )
vs. )
  )    Civil Action No.
  )
  )    04-CV-10291-RWZ
Massachusetts Department of, )
Corrections; )
    et;al, Defendants, )

### Plaintiff's Motion For Appointment Of Council.

    Now comes the Plaintiff, John F. Richards in the above-entitled matter and moves that this Honorable Court appoint Council to represent him in the above Action.

    The Plaintiff states that he is indigent and cannot financially afford to retain council to help represent him in this Action, Further, the Plaintiff states that Council is needed to assist him in adequately presenting his claims, as he is ill, not knowledgeable about the law and legal matters, has in recent times been hindered by the Defendants from pursuing his matters before the Courts and excercising his rights under the Constitution of the United States by way of denying the Plaintiff adequate access to the Inmate Law-Library, and by impeeding the Plaintiff's Mail, as well as access to photocopies and unpeeded access to the Courts, and as the Plaintiff is a former Mentally Ill Inmate who has been committed to the Bridgewater State Hospital for several years of his current incarceration, as well as several other previous committments to other facilities including long care treatment in a Veterans Hospital.

(1).

- 1 -

Case Name: ☐Guzzi v. Thompson

Case Number: ☐1:05-cv-10300

Rosario Guzzi
MCI Shirley Medium
P.O. Box 1218
Shirley, MA 01464

## AFFIDAVIT

I, Rosario Guzzi, depose and state:

1. I am without funds to retain an attorney in this proceeding and am indigent according to M.G.L.A. c. 261, §§ 27A-G. A motion to proceed in forma pauperis (ifp) appends in this Court.

2. In separate ORDERS by this Court, 02-23-05 and on 03-29-05, the petitioner's application and subsequent supplemental pleading were described as being sketchy, sparse and un-discrenible, barely sufficient for a responsive pleading.

3. The petitioner has attempted to improve upon his pleadings notwithstanding that he is a pro se litigant and not au courant with Federal Law and has respectfully requested counsel in this matter.

4. On 06-03-05, this Court denied him appointment of counsel without a finding and he now seeks reconsideration of said denial.

SWORN to by me this 6th day of June 2005, at Shirley, Massachusetts 01464-1218.

- 2 -

Case Name: ☐Guzzi v. Thompson

Case Number: ☐1:05-cv-10300

Rosario Guzzi
MCI Shirley Medium
P.O. Box 1218
Shirley, MA 01464

Rosario Guzzi, affiant

MCI Shirley Medium

Box 1218

Shirley, MA 01464

NOTARY CERTIFICATION

Massachusetts Jurat

Commonwealth of Massachusetts
                              > ss.
County of Middlesex

On this the 6th day of June 2005, before me, Daniel D. Morse, the undersigned Notary Public, personally appeared the affiant, Rosario Guzzi,
proved to me through satisfactory evidence of identity, which was his inmate identification, W-63283),



to be the person whose name was signed in the preceeding or attached document in my presence, and who swore or affirmed to me that the contents of the document are truthful and accurate to the best of his knowledge and belief.

Notary Public

Daniel D. Morse

My Commission expires on _____

Case Name: ☐Guzzi v. Thompson

Case Number: ☐1:05-cv-10300

Rosario Guzzi
MCI Shirley Medium
P.O. Box 1218
Shirley, MA 01464

---

### CERTIFICATE OF SERVICE

I certify that I have served a true copy of my motion for reconsideration, with affidavit, to Eva M. Badway, asst. atty. genl., One Ashburton Place, Boston, MA 02108, via first class mail, postage paid, by depositing same in the institution's mail drop.

*Rosario Guzzi*

Rosario Guzzi, pro se

MCI Shirley Medium

Box 1218

Shirley, MA 01464

---

June 6, 2005