UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 05-10300-RWZ

ROSARIO GUZZI

v.

MICHAEL THOMPSON

MEMORANDUM OF DECISION

November 4, 2005

ZOBEL, D.J.

     In 1996, a Middlesex County grand jury indicted petitioner Rosario Guzzi on two counts of intimidating a witness and four counts of violating a restraining order.  (See Resp.'s Suppl. Answer Ex. 1).  An additional indictment on two counts of violating a restraining order occurred in 1997.  (See id. Ex. 2).  The Middlesex Superior Court consolidated these charges for trial in 1997, and a jury found petitioner guilty on all counts.  Six years later, petitioner filed an unsuccessful motion for reconsideration; the denial was subsequently affirmed by the Appeals Court of Massachusetts.  See Comm. v. Guzzi, 62 Mass. App. Ct. 1110 (2004).  The Supreme Judicial Court denied further appellate review.  (See Resp.'s Suppl. Answer Ex. 10).  Petitioner filed the instant petition under 28 U.S.C. § 2254, and respondent MCI-Shirley Superintendent Michael Thompson now moves to dismiss the petition as time-barred and containing unexhausted claims.

     Habeas petitions must be filed within one year of the latest date on which one of

the following events occurred: (1) final judgment, (2) removal of a state-imposed impediment to filing, (3) recognition by the United States Supreme Court of a constitutional right, or (4) discovery by petitioner of the factual predicate for a claim. See 28 U.S.C. § 2254(d)(1). As final judgment on petitioner's charges obtained in September of 1997, the one-year deadline for filing a habeas petition expired in 1998. His subsequent appeal in 2003 failed to toll the statute of limitations, as he neglected to file it within one year of the final judgment date. See Delaney v. Matesanz, 264 F.3d 7, 11 (1st Cir. 2001). Thus, the instant petition, commenced in 2005, falls squarely outside the statute of limitations boundaries.

For purposes of evaluating the timeliness of his petition, petitioner suggests that the statute of limitations should run from occurrence of a state-imposed impediment to filing. (See Pet.'s Opp. 8, 11, 14-15). He characterizes this impediment as a "'Catch-22' situation" involving the Commonwealth and its alleged failure to establish all elements of the crime with which he was charged, its "misapplication of law to facts," conflict involving Mass. Gen. Laws ch. 277 § 34, and structural error. (See id. 10-11). However, assuming *arguendo* that such an impediment existed, petitioner never explains how or why it operated to prevent him from submitting the instant petition before October 1998.

Furthermore, petitioner offers no persuasive grounds for equitable tolling of the statute of limitations, especially as such relief "is deemed justified only in extraordinary circumstances." Delaney, 264 F.3d at 14 (denying equitable tolling where petitioner "waited over two years after his conviction became final . . . to promulgate his first

federal habeas petition . . . [and] did nothing during that protracted period to exhaust state remedies . . ."). Contrary to petitioner's urging, the fact that he is pro se does not rescue his petition, as "the Constitution does not require courts to undertake heroic measures to save pro se litigants from the readily foreseeable consequences of their own inaction." Id. at 15.

Finding the instant petition to be time-barred renders unnecessary an analysis of respondent's arguments regarding exhaustion.

Accordingly, respondent's motion to dismiss (#15 on the docket) is allowed, and judgment may be entered dismissing the petition (#2 on the docket). Petitioner's remaining pending motion to reconsider the appointment of counsel (#22 on the docket) is also denied.

|  |  |
|---|---|
| _____<br>DATE | /s/ Rya W. Zobel<br>RYA W. ZOBEL<br>UNITED STATES DISTRICT JUDGE |