UNITED STATES OF AMERICA

DISTRICT COURT OF MASSACHUSETTS

CIVIL ACTION NO. 05-10300-RWZ

ROSARIO GUZZI, Petitioner

v.

MICHAEL THOMPSON, Respondent

## LEGAL ELEMENTS IN SUPPORT OF REQUEST FOR APPEAL

The petitioner in this habeas proceeding gives notice of his intent to appeal the summary dismissal of his petition for the writ of habeas corpus pursuant to 28 U.S.C. § 2254.

The Court's (Zobel, D.J.) denial on November 4, 2005, is contrary to the petitioner's stated grounds contained in the application for the writ. Item 12 explicitly states that (A) the state's judgement is an unreasonable application to law relative to the essential elements that are incomplete and are prescribed by statute as to federal law, while (B) the state courts' findings of harmless error is actually structural in nature and implicates a Due Process violation, where (C) insufficient evidence is used to indict and convict the petitioner.

Both the application, supplemental pleading and memorandum of law accompanying the mandated pleading clearly evidenced "a constitutional violation that has probably resulted in the conviction of one who is actually innocent." **Horton v. Allen**, 370 F.3d 75, 81 (1st Cir. 2004) (quoting **Schlup v. Delo**, 513 U.S. 298, 327 (1995).

- 1 -

Accordingly, the petitioner has clearly demonstrated that his request for the writ results from a fundamental miscarriage of justice, i.e., a constitutional violation described in the preceeding paragraph. Further, a procedural default may be excused under such a showing. **Schlup, supra.**

The petitioner has consistently expressed his innocence in his convictions, notably the crimes of intimidation of a witness and restraining order violations, which guilt of said crimes has never been plain and where no physical evidence attached. That interest in obtaining his release from prison is overriding still. See **Kuhlmann v. Wilson**, 477 U.S. 436, 452 (1986); **Sanders v. U.S.**, 373 U.S. at 24-25, 83 S.Ct. at 1081-1082 (1963) (dissenting).

Similarly, former Justice O'Connor reasoned in **Murray v. Carrier**, 477 U.S. 478, 496 (1986), that in extraordinary cases where a constitutional violation has probably resulted in the conviction of one who is actually innocent, a federal habeas court may grant the writ even in the absence of a showing of cause for the procedural default.

**Hoilett v. Allen**, 365 F.Supp.2d 110, 118 (D. Mass. 2005) teaches that a petitioner must show that a fundamental miscarriage of justice claim have a liklihood that no reasonable juror would have found him guilty beyond a reasonable doubt. See **Gunter v. Maloney**, 291 F.3d 74, 83 (1st Cir. 2002) (quoting **Schlup, supra**).

Further to the preceeding paragraph, **Miller-El v. Cockrell**, 537 U.S. 322, 338 (2003) also teaches that a petitioner seeking a COA "must prove 'something more than the absence of frivolity' or the existance of mere 'good faith' on his or her part." **Barefoot v. Estelle**, 463 U.S. 880, 893 (1983). Additionally, that no absolute right attaches to an appeal of a district court's denial of a petition for the writ.

The district court in the instant case has rendered unnecessary an analysis of the respondent's arguments regarding exaustion, finding the petition to be time-barred. Document 24-1, page 2, 1:05-cv-10300-RWZ. Said finding relies upon 28 U.S.C. § 2254(d)(1), which is erroneous. No doubt the citation should be 2244(d)(1), as correctly applied.

Petitioner responded to the time-bar in his Opposition Motion to respondent's request for dismissal with an admission that he did not seek further appellate review (FAR) in the state's high court after direct appeal. Therefore, while faulting respondent's calculations as inaccurate, the one-year limit after the "(1) final judgement" requirement was breached. Cognizant of this, the petitioner filed a motion pursuant to Mass. R. Crim. P. 25(b)(2), for a required finding of not guilty, alternatively a new trial motion, on August 31, 2003. Upon a denial by the state's superior court, as well as summary denial by the Appeals Court in the Commonwealth, petitioner applied for FAR timely, but was also denied. On February 15, 2005, he filed his application for the writ. This too, "falls outside the statute of limitations boundaries." Document 24-1 **supra**.

The petitioner has asserted that his reliance is to the same mandate, 28 U.S.C. § 2244(d)(1), which (B) provides that he can and should revive an expired limitation period. His initial demonstrations in this request for the COA clearly indicate a constitutional violation implicating due process entitlement at least, while repeatedly exclaiming his innocence in the crimes to which he was unjustly convicted of. Section (B), to which the respondent also characterizes as a "Catch-22 situation," is at the root of constitutional implications within the case at bar.

**Brecht v. Abrahamson**, 507 U.S. 619, 623 (1993) depict the error of a constitutional dimension where habeas relief is granted upon "substantial and injurious effect or influence in determining the jury's verdict." The Commonwealth is an "element state," where nothing alters the principle that essential elements not contained in a complaint of inductment is surely insufficient. **Hamling v. U.S.**, 418 U.S. 87 (1974); **U.S. v. Hess**, 124 U.S. 483, 487 (1888). The Commonwealth created a conflict to which the petitioner (and others like him) is snarled in and to which they offer no relief or remedy for to date. In fact, the state's highest court has delegated the Massachusetts Rules of Criminal Procedure panel to resolve the conflict, which it has not. This state inaction is repugnant to the 14th Amendment to the United State Constitution.

To the unwary, unsophisticated prisoner-petitioner, pro se and usually proceeding in forma pauperis (ifp), a trap of such magnitude can do nothing less than provide for a waiver of his right to the writ.

The petitioner has never intimated that his pro se status would or could "recuse (sic) his petition," as the court has alleged. Moreover, it is pointed out that "the Constitution does not require courts to undertake heroic measures to save pro se litigants from the readily forseeable consequences of their own inaction." **Delaney v. Matensanz**, 264 F.3d 7, 15 (1st Cir. 2001).

While he did not seek such heroic measures, the petitioner did invoke equitable tolling in the habeas proceeding where it is available and "rests uniquely within the discretion of the trial court." **U.S. v. Patterson**, 211 F.3d 927, 930-31 (5th Cir. 2000); see also **Davis v. Johnson**, 158 F.3d 806, 810-11 (5th Cir. 1998) ("The doctrine of equitable tolling preserves a plaintiff's claims when strict application of the statute of limitations would be inequitable").

It is no less extraordinary circumstances when the state itself creates a conflict in its laws and rules relative to the issue of essential elelemnts. See **Commonwealth v. Lourenco**, 438 Mass. 1018, 1019 (2003); Mass. R. Crim. P. 4(a), Reporter's Notes, ¶ 2, 2004 Ed. of the Rules of Court. The Commonwealth cannot have it both ways. The impediment, as characterized by petitioner, remains. The state has made little or no effort to resolve the "Catch-22," notwithstanding the Supreme Judicial Court's opportunity to correct what they describe as a "snare" when refusing to hear petitioner's FAR of his R. 25(b)(2). And again, this trap is repugnant to the 14th Amendment.

Finally, it is also encased in law that a pro se litigant, especially a prisoner, be subjected to pleadings that are "less stringent than formal pleadings drafted by lawyers." **Haines v. Kerner**, 404 U.S. 519, 520 (1972).

While the peitioner is not excused from "compliance with relevant rules of procedural and substantive law," **Traguth v. Zuck**, 710 F.2d 90, 92 (2d Cir. 1983), a pro se litigant's pleadings must be read liberally and interpreted "to raise the strongest arguments that they suggest." **Vargas-Crispin v. Zenk**, 376 F.Supp.2d 301, 303 (2d Cir. 2005) (quoting from **Burgos v. Hopkins**, 14 F.3d 787, 790 (2d Cir. 1994).

It has become apparent to this petitioner that his pleadings have been construed not liberally, but more exacting. In fact, they have been descibed by this court as "sketchy," requiring him to submit a supplemental pleading in the initial stage of these proceedings. Nonetheless, it may have produced a better litigant. That will be determined upon the success or failure of his petition.

                                              Respectfully submitted,

                                              */s/ Rosario Guzzi*

                                              Rosario Guzzi, pro se

                                              MCI Shirley Medium

                                              Box 1218

                                              Shirley, MA 01464

November 11, 2005

CERTIFICATE OF SERVICE

I certify that I have served a true copy of my request for a COA to respondent's counsel, Eva M. Badway, Esq., AAG, One Ashburton Pl., Boston, MA 02108, via first class mail, postage paid, by depositing same in the institution's mail drop this 11th day of November 2005.

Rosario Guzzi

pro se

MCI Shirley Medium

Box 1218

Shirley, MA 01464